UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SOCIETY OF THE DIVINE WORD** )<br>**Chicago Province; and** )<br>**Rev. Jerzy Jan GAWLIK** )<br>  )<br>  )<br>    **PlaintiffS,** )<br>  )<br>  vs. )<br>  )<br>**Michael CHERTOFF,** )<br>**Secretary, Department of Homeland** )<br>**Security;** )<br>**Emilio T. GONZALEZ,** )<br>**Director, U.S. Citizenship and** )<br>**Immigration Services;** )<br>**Robert S. MUELLER, III,** )<br>**Director, Federal Bureau of** )<br>**Investigation; and** )<br>**Christina POULOS, Director,** )<br>**California Service Center.** )<br>  )<br>  )<br>    **Defendants.** ) | FILED: APRIL 01, 2008<br>08CV1874           DAJ<br>JUDGE MAROVICH<br>MAGISTRATE JUDGE KEYS<br><br><br>Civ. No. _____<br><br><br>**COMPLAINT FOR MANDAMUS**<br>**AND OTHER RELIEF** |

**COMPLAINT**

This suit complains that the various defendants have unreasonably delayed and failed to perform legally required non-discretionary ministerial actions to complete the processing of Society of the Divine Word's properly filed and approvable petition to extend Rev. Jerzy Gawlik's R-1 nonimmigrant status. Despite the fact that the defendant U.S. Citizenship and Immigration Services' own published processing times state that it adjudicates this type of petition within 3 months, the petition has been pending for over 9 months. Continued delay will cause the plaintiffs to suspend their provision of religious worship and other religious services in the Chicago area.

1

**Jurisdiction and venue.**

1. The Court has subject matter jurisdiction in this action pursuant to the following statutory provisions: 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1361 (mandamus jurisdiction); and 42 U.S.C. § 2000bb, *et seq*. (Religious Freedom Restoration Act).

2. This action also arises under 5 U.S.C. § 551 *et seq.* (Administrative Procedures Act) to compel agency action unlawfully withheld or unreasonably delayed and the First Amendment of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e). The defendants are officers or employees of the United States or agencies of the United States acting in their official capacity. The plaintiffs reside in this district and no real property is involved in this action.

**The Parties**

4. Plaintiff Society of the Divine Word, Chicago Province (or "SVD" as it is known from its name in Latin, Societas Verbi Divini) is a religious order of international missionary Roman Catholic priests and brothers based in Techny, Illinois within the jurisdiction of this Court. The Chicago Province of SVD provides priests to serve at Roman Catholic parishes and other locations throughout Illinois; other states east of the Mississippi River, including Wisconsin, Iowa, Pennsylvania, and New Jersey; Canada; and the Caribbean Islands. As an international religious order, the SVD is a regular and frequent user of the defendants' Religious Worker visa programs in order to facilitate travel and admission of its foreign-born members for purposes of work or study and religious visits and observances in the United States.

5. Plaintiff Rev. Jerzy Jan Gawlik is a 54 year old national and citizen of Poland. He has been an ordained Roman Catholic priest since 1981 and a professed member of SVD since 1976. He has been serving SVD's Chicago Province in various capacities pursuant to R-1 status since his initial arrival in the United States on September 1, 2004. His current assignment for SVD is as an Associate Pastor to the parish of St. Joseph the Worker in Wheeling, Illinois, a Roman Catholic parish of the Archdiocese of Chicago which, due to a nationwide shortage of priests, is run by SVD priests. Rev. Gawlik's responsibilities at St. Joseph the Worker include conducting 6 to 7 masses a week; administering the Sacraments such as baptisms, weddings, and funerals; holding office hours 4 days a week for parishioners who require spiritual counseling; assisting the Pastor of the parish; and visiting the elderly and sick at numerous hospitals and nursing homes in the Wheeling area. In addition, a large number of parishioners at St. Joseph the Worker are Polish or Polish-Americans, so Rev. Gawlik conducts Polish school for 8 hours a day every Saturday for the children of the parish and presides over Polish Masses. Fr. Gawlik lives in Wheeling within the jurisdiction of this Court.

6. Defendant Michael CHERTOFF is sued in his official capacity as the Secretary of the Department of Homeland Security. The Secretary of Homeland Security is responsible for the administration and enforcement of laws related to the immigration of foreign nationals. *See* 8 U.S.C. § 1103(a)(1)

7. Defendant Emilio GONZALEZ is sued in his official capacity as the Director of the U.S. Citizenship and Immigration Services (USCIS). He is responsible for the administration of USCIS, the agency under the Department of Homeland Security that adjudicates applications for R-1 visas.

8. Defendant Robert S. MUELLER, III is sued in his official capacity as the Director of the Federal Bureau of Investigation (FBI). He is ultimately responsible for conducting certain background checks on applicants for immigration benefits when requested by USCIS.

9. Defendant Christina POULOS is sued in her official capacity as the USCIS's Director of the California Service Center (CSC). She is responsible for the administration of the CSC, the USCIS service center that adjudicates petitions for extensions of R-1 status.

### Statement of the facts.

10. Rev. Jerzy Jan Gawlik initially entered the United States on an R-1 visa on September 1, 2004. On June 11, 2007, the SVD filed a Form I-129 Petition for Temporary Worker to extend his R-1 status which was due to expire on September 1, 2007. This petition remains pending. Since the expiration of his R-1 status, Rev. Gawlik has been able to continue his duties at St. Joseph the Worker pursuant to a 240-day automatic extension of his employment authorization which he received when SVD timely petitioned for an extension of his R-1 status. *See* 8 C.F.R. § 274a.12(b)(20). This temporary period of employment authorization will expire on April 28, 2008. Plaintiffs are required to maintain continuous employment authorization from defendant CIS in order to lawfully employ Rev. Gawlik as a Catholic priest in the United States.

11. Plaintiffs have attempted to obtain a timely adjudication of the the R-1 petition. On January 17, 2008, plaintiffs' counsel sent a letter to the CSC inquiring about the status of SVD's petition and urging the CSC to timely adjudicate its petition before Rev. Gawlik's temporary employment authorization expires.

12. Having received no reply to this letter, plaintiffs' counsel sent an email inquiry and request to expedite to the CSC on March 2, 2008.  The CSC replied on March 8, 2008 and stated that the processing of SVD's petition had been delayed due to "required security checks."  The response instructed counsel to inquire again if no notice of action or decision was received from CIS within 180 days, but it did not explain what security checks are required to adjudicate a petition for extension of R-1 status or how long it might take to complete them.

13. Plaintiff's counsel called the office of CIS Director Emilio Gonzalez on March 11, 2008 to make further inquiries and request expedited action to avoid a lapse in Rev. Gawlik's employment authorization.  A staff person in Director Gonzalez's office instructed counsel to contact CIS's customer service center, which counsel did on the same day.

14. Plaintiff's counsel was forced to leave a message at the customer service center as all of the CIS's immigration specialists were in meeting.  The call was not returned until March 13, 2008, when Ms. Emma Pons, a CIS Management and Program Analyst, stated that security checks were pending on SVD's petition and that CIS would not take any action on the petition until the security checks had cleared.  Ms. Pons also stated that she was not allowed to give any information on security matters.

15. The plaintiffs have also sought assistance from Senator Richard Durbin's office and the local Chicago CIS Field Office to obtain an adjudication, but without success.

16. There is no mandatory statutory or regulatory requirement for the CIS to conduct security checks for petitions to extend R-1 status.  The defendants investigate suspected fraud but, in the SVD's case, fraud investigators have previously conducted two on-site visits to SVD, one on March 13, 2008 and one in the fall of 2007, with regard to separate petitions

5

for religious workers. The CIS officers, Joyce Wood and Stephen Tanda, from the CIS's Office of Fraud Detection and National Security, approved of the SVD's operations both times. During the second site visit, CIS officer Stephen Tanda assured SVD that he would enter the visit into CIS's system so that other similar investigations would not be necessary for additional SVD petitions. Consistent with this representation by CIS, no further site visit should be required to approve SVD's petition on behalf of Rev. Gawlik.

17. CIS's delay in adjudicating SVD's petition is causing SVD and Fr. Gawlik substantial hardship. Rev. Gawlik's 240-day employment authorization will expire on April 28, 2008. If his R-1 status is not extended by that time, he will be forced to leave his position at St. Joseph the Worker. This situation is already creating considerable uncertainty and instability in the parish and at SVD. Rev. Gawlik provides essential services to the parishioners at St. Joseph the Worker, and it is presently unclear whether he will be able to continue these activities after April 28, 2008. It is also unclear when he will be able to return to his duties if SVD's petition is not approved before his temporary employment authorization expires. He is one of only 3 priests serving a parish of 1700 people. If he is forced to leave his assignment, this will place an unacceptable strain on the two remaining priests. Therefore, SVD will need to cut back on the many important religious services which Rev. Gawlik provides to the parishioners at St. Joseph the Worker.

**Causes of action.**

Count 1: Mandamus - For completion of security checks and adjudication of the petition for R-1 extension.

18. This cause of action is brought against Defendants Chertoff, Gonzalez, Mueller, and Poulos as officials who are responsible for either processing SVD's petition for an extension of Rev. Gawlik's R-1 status or completing the security checks in his case.

19. SVD and Rev. Gawlik have established that: (1) they have a clear right to have the petition for extension of Rev. Gawlik's R-1 status adjudicated within a reasonable amount of time; (2) the Defendants have a clear duty to complete the security checks and adjudicate the petition within a reasonable amount of time; and (3) no other adequate remedy is available. *See, e.g., Iddir v. INS,* 301 F.3d 492, 499 (7th Cir. 2002).

20. Rev. Gawlik is statutorily eligible in all respects to have the petition for extension of his R-1 status approved. He has no criminal background, and his employment as a priest for St. Joseph the Worker is clearly religious in nature. The defendants have no substantive reason to deny or further delay the adjudication of the petition. SVD and Rev. Gawlik thus have a right to have the security checks completed and receive a decision on the petition for extension of Rev. Gawlik's R-1 status in a timely manner.

21. Defendants owe a duty to SVD and Rev. Gawlik to complete the security checks and process the petition in a timely manner. Completing the security checks and adjudicating the petition are ministerial acts that do not involve the exercise of discretion. Defendants have the ability to complete these acts quickly, and there is no reason for defendants to continue to delay completing them.

22. Defendants are violating their duty by refusing to complete the security checks in a reasonable amount of time, by failing to communicate the results of such security checks to USCIS, and by failing to proceed with the adjudication of the petition for extension of Rev. Gawlik's R-1 status.

23. The SVD and Rev. Gawlik have exhausted all available administrative remedies and sought to resolve the matter informally with Defendants as described in paragraphs 11-15.

<u>Count 2: Administrative Procedures Act - Request for completion of security checks and adjudication of petition for extension of R-1 status within a reasonable time period.</u>

24. SVD's and Rev. Gawlik's second cause of action arises under the Administrative Procedures Act (APA). *See* 5 U.S.C. § 551 *et seq*. Defendants have unreasonably delayed this case, have failed to complete the security checks, and have failed to adjudicate the petition for extension of Rev. Gawlik's R-1 status. *See* 5 U.S.C. §§ 555(b) ("…within a reasonable time, each agency shall proceed to conclude a matter presented to it.") and 706(1) (authorizing a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed").

25. On information and belief, there is no statute or regulation requiring USCIS to conduct security checks before adjudicating a petition to extend R-1 status. But, even if such a statute or regulation exists, the Immigration and Nationality Act's provisions do not require SVD and Rev. Gawlik to wait an indefinite amount of time to have the petition adjudicated. *See e.g. Iddir v. INS,* 301 F.3d 492, 499-500 (7th Cir. 2002) (holding that "[t]he relevant statutes and regulations confirm that the INS did have the duty to adjudicate the appellants' applications in a reasonable period of time."); *Tang v. Chertoff,* 493 F. Supp.2d 148 (D. Mass. 2007); *Ibrahim v. Chertoff,* No. 06 C 2071, 2007 U.S. Dist. LEXIS 38352 (S.D. CA, May 24, 2007); *Aboushaban v. Mueller,* No. 06 C 1280, 2006 U.S. Dist. LEXIS 81076 (N.D. CA, Oct. 24, 2006); .

26. SVD and Rev. Gawlik need to have the security checks completed and the petition for extension of Fr. Gawlik's R-1 status adjudicated in a reasonable period of time. Rev. Gawlik and SVD will suffer significant hardship until this is done.

Count 3: Religious Freedom and Restoration Act (RFRA)

27. The defendants' actions in delaying adjudication of SVD's petition to extend Rev. Gawlik's R-1 status violate RFRA by imposing a substantial burden on SVD's and Rev. Gawlik's ability to exercise their religion, 42 U.S.C. § 2000bb-1.  If the delay continues, Rev. Gawlik will have to forsake his religious duties for the SVD, which will then be unable to provide its parish of St. Joseph the Worker with the religious services it needs.  The delay in adjudicating SVD's petition is thus preventing Rev. Gawlik from carrying out his duties and fulfilling his vocation as a priest and is preventing SVD from providing important religious services to its parishioners.

Count 4: First Amendment Violation

28. The defendants' actions in delaying adjudication of SVD's petition to extend Rev. Gawlik's R-1 status violate plaintiffs' right under the First Amendment of the United States Constitution to freely exercise their religion.  The defendants are acting intentionally, with deliberate indifference, or with reckless disregard of the plaintiffs' rights, and their continued inaction proximately causes harm to the plaintiffs.

Prayer for relief

WHEREFORE, plaintiffs Society of the Divine Word and Rev. Jerzy Jan Gawlik, pray that the Court:

1. Compel defendants and those acting under them to complete the security checks and adjudicate the petition for extension of R-1 status before April 28, 2008 or such other period of time specified by this Court; and

2. Grant such further relief, including injunctive relief, attorney fees and costs of this action, as may be just, lawful, and equitable.

Filed: _April 1, 2008_            __s/ Scott D. Pollock_____
                                                 Scott D. Pollock
                                                 Attorney for the Plaintiffs

                                                 ___s/ Christina J. Murdoch_____
                                                 Christina J. Murdoch
                                                 Attorney for the Plaintiffs

Scott D. Pollock
Christina J. Murdoch
Scott D. Pollock & Associates, P.C.
105 West Madison Street, Suite 2200
Chicago, Illinois 60602
Telephone: (312) 444-1940
Fax: (312) 444-1950